IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| J.B., a minor, by and through <br> FRANCES BRADDEN, his mother, <br> custodial parent and next friend, <br><br> Plaintiff, <br><br> v. <br><br> HEWLETT PACKARD INC., <br><br> Defendant. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | Civil Action No.: 6:21-cv-949 <br><br> **JURY DEMAND** |

## COMPLAINT

Plaintiff, **J.B., a minor, by and through FRANCES BRADDEN, his mother custodial parent and next friend**, (hereafter collectively referred to as "Plaintiff"), by and through his attorneys, **JOHNSON BECKER, PLLC** and **PHIPPS, ORTIZ, TALAFUSE** PLLC, hereby submits the following Complaint and Demand for Jury Trial against Defendant **HEWLETT PACKARD, INC.** (hereafter generally referred to as "Defendant") upon information and belief, at all times hereinafter mentioned, alleges as follows:

## NATURE OF THE CASE

1.  Defendant Hewlett Packard, Inc. ("Defendant HP") design, manufacture, market, import, distribute and sell consumer products such as laptops marketed under the HP brand names, amongst other brands, which specifically includes the HP Laptop Model Pavilion DM4-2101 (referred to hereafter as "HP laptop(s)" or the "subject laptop").

2.  On or about 2012, Frances Bradden purchased the subject laptop.

3.  On or about September 14, 2019, the subject laptop overheated and caught fire while on Plaintiff's lap.

1

4. The HP laptops are defectively designed and manufactured, in that, the battery laptops heat up, which can (and does) unexpectedly catch fire when being used in its normal and intended manner by consumers. Consumers use the HP laptops without knowledge of the inherent risks. In a matter of short amount of time, the laptops can unexpectedly overheat, and the user is at risk of severe burns and injuries requiring medical attention. The HP laptops pose a safety risk to consumers and other individuals who may be in close proximity to the HP laptops when it explodes.

5. The HP laptops have been the subject of numerous lawsuits around the nation for similar experiences and injuries as those suffered by the Plaintiff in this case.

6. Defendant knew or should have known of these defects, but has nevertheless put profit ahead of safety by continuing to sell its HP laptops to consumers, failing to warn said consumers of the serious risks posed by the defects, and failing to recall the dangerously defective HP laptops regardless of the risk of significant injuries to Plaintiff and consumers like him.

7. As a direct and proximate result of Defendant' collective conduct, the Plaintiff in this case incurred significant and painful bodily injuries, medical expenses, physical pain, mental anguish, and diminished enjoyment of life.

**PLAINTIFF J.B.**

8. Plaintiff is a minor, and a resident and citizen of the city of Waco, County of McLennan, State of Texas, and was born on August 27, 2010, where he resides with his custodial parents and mother, Frances Bradden.

9. On or about 2012, Plaintiff purchased the subject laptop.

10. On or about September 14, 2019, Plaintiff suffered serious and substantial burn injuries as the direct and proximate result of the subject laptop overheated and caught fire while on Plaintiff's lap. The incident occurred as the result of the HP laptops defect(s), which allow the

lithium-ion cell to become so hot that it starts to self-generate heat, making is susceptible to the hazard of thermal runway. This happens because the cell can melt around 80°C. Once the separator is compromised, current can run unabated within the cell. This uncontrolled current leads to further heating.

## HEWLETT PACKARD, INC. DEFENDANT

11. Defendant Hewlett Packard, Inc is a California domestic limited liability corporation with its principal place of business in Palo Alto, Santa Clara County, California.

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction over this case pursuant to diversity jurisdiction prescribed by 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and there is complete diversity between the parties.

13. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 all or a substantial part of the events or omissions giving rise to this claim occurred in this district.

14. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant have sufficient minimum contacts with the State of Texas and intentionally availed themselves of the markets within Texas through the promotion, sale, marketing, and distribution of their products.

## FACTUAL BACKGROUND

**A.  THE KNOWN HAZARDS ASSOCIATED WITH DEFECTIVE LITHIUM- ION CELLS**

15. Lithium-ion cells are particularly susceptible to the hazard of thermal runaway (also known as venting with flame) and catastrophic failure resulting in an explosion. This is, in large part, because the materials used in the cells are typically thermally unstable and release oxygen at elevated temperatures, which induces a reaction with the electrolyte medium.

3

16. Oxygen allows other materials to ignite at a lower temperature, and thus burn hotter and faster. Other factors that influence susceptibility of thermal runaway include the history of the cell, e.g. the number of total discharges and charges, and the load applied to the cell. If a user draws too much power from the cell, the cell may become damaged from over discharge, eventually leading to thermal runaway.

17. Thermal runaway occurs when a lithium-ion cell becomes so hot that it starts to self-generate heat. This happens because the cell can melt around 80°C. Once the separator is compromised, current can run unabated within the cell. This uncontrolled current leads to further heating.

18. As the cell increases in temperature, the electrolyte solution starts to decompose, leading to a high pressure inside the cell, further increasing the temperature. Once a critical temperature is reached, the cathode begins to shed oxygen, making the cell combustible due to the reaction between the electrolyte solution and oxygen.

19. Additionally, the higher the charged voltage of the cell, the lower the onset temperature that is needed for induction of thermal runaway, as thermal runaway and heat effects in lithium-ion cells are sensitive to the level of charge.

20. A well-designed separator is supposed to melt at the point of the internal short circuit, resulting in a shutdown of the cell and prevention of thermal runaway. However, if the separator is poorly designed or constructed, as it was in this case, it may not shutdown or prevent thermal runaway.

21. Due to defective design of the separator in the subject cell, thermal runaway was not prevented. An additional safety feature for many lithium-ion cells is "cell regulation". Regulated cells are a safety feature where the circuitry within the cell prevents over and under

voltage, thereby preventing a short circuit of the cell and reducing or eliminating the risk of thermal runaway and explosion.

22. Finally, another safety feature is a properly functioning vent. If the cell undergoing thermal runaway has a properly functioning vent, the heat and flames are supposed to rapidly discharge from it. If the cell is not adequately vented or the vent is defective, excessive pressure is built up in the cell during thermal runaway resulting in a potential explosion with projectiles being ejected. However, a properly functioning vent will not prevent injuries to those exposed to the chemicals and heat that are released through the vent.

**B.     THE INCIDENT ON SEPTEMBER 14, 2019**

23. On the morning of September 14, 2019, at around 11:00 am, J.B. took the subject laptop into the living room with the intention of using it. He went to open the laptop and turn it on.

24. Suddenly, there was an eruption from the laptop. J.B. looked down to see his clothes and the laptop in flames.

25. J.B. began screaming and jumped out of his seat. His father ran over to tend to Plaintiff, and Plaintiff's mother, Frances Bradden, came home to help.

26. Unable to bear the pain of the second-degree burns, Frances Bradden immediately took him to Baylor Scott and Wright Hospital in Waco, TX. There, Plaintiff was given cream for his burns, and given instructions on how to keep up with taking care of his wounds.

27. J.B. was subsequently referred to a burn specialist and has a scar on his stomach from the incident.

28. The subject laptop possessed defects that made it unreasonably dangerous for its intended use by consumers, including the Plaintiff, due to the high degree of risk of the subject laptop to overheat, catch fire and suddenly and unexpectedly burst into flames or explode.

29. Practical, feasible and safer alternative designs existed that would have prevented or reduced the propensity of the lithium ion battery within the subject laptop to overheat, catch fire, and suddenly and unexpectedly burst into flames or explode.

30. Had HP properly disclosed and warned of the significant risks of injury caused by the subject laptop, Plaintiff's family would not have purchased the subject laptop.

31. Consequently, the Plaintiff in this case seeks compensatory damages resulting from the use of the subject laptop as described above, which has caused the Plaintiff to suffer from bodily injuries, physical pain, mental anguish, diminished enjoyment of life, and other damages.

### SPECIFIC COUNTS

### FIRST CLAIM FOR RELIEF
### STRICT PRODUCTS LIABILITY

32. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully set forth herein, and further alleges:

33. Defendant manufactured, designed, assembled, tested, marketed, sold, supplied and otherwise placed into the stream of commerce the subject laptop, including lithium ion battery within the subject laptop, which was designed in a defective condition; defectively manufactured; contained inadequate and incomplete warnings for foreseeable consumers and users; and was otherwise unreasonably dangerous for its intended use by foreseeable consumers, including the Plaintiff.

34. The subject laptop, including lithium ion battery within the subject laptop, was unreasonably dangerous in design and manufacture due to the high degree of risk of the subject laptop to overheat, catch fire and suddenly and unexpectedly burst into flames or explode, as it did in this case. The propensity to catch fire and burst into flames is a product design defect that outweighs the utility or benefit derived from the product.

35. Defendant failed to act reasonably in choosing a design of the subject laptop that did not prevent the lithium ion battery within the subject laptop from overheating, catching fire, and suddenly and unexpectedly bursting into flames or exploding during normal and foreseeable conditions.

36. Defendant could have used a more practical, feasible and safer alternative design to prevent or reduce the propensity of the lithium ion battery within the subject laptop to overheat, catch fire, and suddenly and unexpectedly burst into flames or explode, as it did in this case.

37. At the time the subject laptop, including lithium ion battery within the subject laptop, was manufactured by the Defendant, it was defective, unsafe, and unreasonably dangerous for its intended and foreseeable use(s) by consumers, including the Plaintiff, due to these manufacturing defects or omissions by the Defendant.

38. The manufacturing defects of the subject laptop, including lithium ion battery within the subject laptop, increased the propensity of the subject laptop to catch fire or explode, leading to personal injuries like those described herein in this Complaint.

39. Defendant failed to conduct adequate safety testing and inspection of the subject laptop, including lithium ion battery within the subject laptop, to determine whether it was safe for ordinary, foreseeable use by consumers, including the Plaintiff.

40. Defendant failed to warn foreseeable users and consumers, including the Plaintiff, of the dangers associated with the subject laptop, including lithium ion battery within the subject laptop, to overheat, catch fire and suddenly and unexpectedly burst into flames or explode, as it did in this case.

41. Defendant failed to warn foreseeable users and consumers, including the Plaintiff, of the increased risk of severe injuries associated with the regular, ordinary and foreseeable use of

the subject laptop, including lithium ion battery within the subject laptop, and was a substantial factor in causing Plaintiff's injuries.

42. The subject laptop, including lithium ion battery within the subject laptop, was expected to reach and did reach the intended consumers, including the Plaintiff, without substantial change in the condition in which it was sold.

43. Reasonable consumers, including the Plaintiff, would not have reason to expect that the subject laptop, including lithium ion battery within the subject laptop, would suddenly and unexpectedly catch fire or explode; would not be able detect any such defects; and would not have any knowledge as to how to prevent such an explosion or fire from occurring.

44. The Plaintiff did not misuse or materially alter the subject laptop, including lithium ion battery within the subject laptop, and are unaware as to how they could have avoided the incident.

45. At the time it was sold, Defendant knew or should have known of the defective condition, characteristics, and risks associated with the subject laptop, including lithium ion battery within the subject laptop, to overheat, catch fire and suddenly and unexpectedly burst into flames or explode, as it did in this case.

46. At the time it was sold, Defendant knew or should have known that the explosions and fires caused by lithium ion batteries, such as the one use in the subject laptop, have the propensity to lead to serious personal injuries like those described herein in this Complaint.

47. The design and manufacturing defects contained within the subject laptop, including lithium ion battery within the subject laptop, as well as Defendant inadequate warnings and instructions for the use and the dangerous propensities associated with the subject laptop, including lithium ion battery within the subject laptop, were the proximate causes of, directly

resulted in, and/or substantially contributed to the injuries sustained by the Plaintiff and his resulting damages, for which the Defendant is liable.

## SECOND CLAIM FOR RELIEF
## NEGLIGENCE

48. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully set forth herein, and further alleges:

49. Defendant had a duty of reasonable care to design, manufacture, market, distribute and sell non-defective laptops that were reasonably safe for its intended use by the Plaintiff and consumers alike.

50. Defendant failed to exercise the ordinary care required by a reasonably prudent manufacturer/wholesaler/distributor in the manufacture, sale, warning, quality assurance, quality control, distribution, advertising, promotion, sale, and marketing of its laptops in that HP Defendant, knew or should have known that the subject battery created a substantial risk of unreasonable harm to the Plaintiff and consumers alike.

51. Defendant were negligent in the designing, manufacturing, advertising, warning, marketing, distributing, and selling the subject laptop in that, among other things, it:

   A. Failed to use due care in the preparation and design of the subject laptop, including the lithium ion battery within the subject laptop, to prevent the aforementioned risks to consumers, including the Plaintiff;

   B. Failed to conduct adequate safety testing and inspection of the subject laptop, including the lithium ion battery within the subject laptop, if any, to determine whether it was capable of performing its intended use;

   C. Failed to adequately instruct and/or warn the Plaintiff and consumers alike of the potential dangers posed by the subject laptop, including the lithium ion battery within the subject laptop.

   D. Failed to cease manufacturing or otherwise alter the design or manufacture of the subject laptop, including the lithium ion battery within the subject laptop, to produce a safer alternative, despite the fact that Defendant knew or should have known that the aforementioned risks to consumers, including the Plaintiff;

E. Failed to conduct post-marketing surveillance to determine the safety of the subject laptop, including the lithium ion battery within the subject laptop;

F. Failed to exercise reasonable care with respect to post-sale warnings and instructions for safe use by consumers, including the Plaintiff;

G. Failed to exercise ordinary care in labeling the subject laptop, including the lithium ion battery within the subject laptop; and

H. Was otherwise careless and negligent.

52. Defendant negligence was the proximate cause of, directly resulted in, and/or substantially contributed to the injuries sustained by the Plaintiff and their resulting damages, for which Defendant is liable.

### THIRD CLAIM FOR RELIEF
### BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

53. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully set forth herein, and further alleges:

54. Defendant breached the implied warranty of merchantability, as the subject laptop, including the lithium ion battery within the subject laptop, was not safe or of merchantable quality due to an unreasonably dangerous propensity to explode. As such, the subject laptop, including the lithium ion battery within the subject laptop, was not of the same quality as those other laptops and accompanying batteries generally acceptable in the trade.

55. Defendant designed, manufactured, marketed, and sold the subject laptop, including the lithium ion battery within the subject laptop, with an implied warranty that it was of merchantable quality.

56. The average consumer, including the Plaintiff, would not reasonably anticipate the dangerous and harmful condition of the subject laptop, including the lithium ion battery within the subject laptop, or the injuries caused by reasonable and foreseeable use.

57. Members of the consuming public, including the Plaintiff, were the intended third-party beneficiaries of the warranty.

58. Plaintiff relied on Defendant' expertise, knowledge, skill, judgment and implied warranty in choosing to purchase the subject laptop.

59. Defendant knew or should have known of the dangerous propensities of the subject laptop, including the lithium ion battery within the subject laptop, at the time it was sold, including the high degree of risk of the subject laptop to overheat, catch fire and suddenly and unexpectedly burst into flames or explode, as it did in this case.

60. Defendant breach of the implied warranty of merchantability was the proximate cause of, directly resulted in, and/or substantially contributed to the injuries sustained by the Plaintiff and his resulting damages, for which Defendant is liable.

### FORUTH CLAIM FOR RELIEF
### BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE

61. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully set forth herein, and further alleges:

62. Defendant breached the implied warranty of fitness for a particular use, as the subject laptop, including the lithium ion battery within the subject laptop, was not safe or fit for the particular purpose in which it was intended to be used due to an unreasonably dangerous propensity to explode, even when utilized for its intended use.

63. Defendant designed, manufactured, marketed, and sold the subject laptop, including the lithium ion battery within the subject laptop, with an implied warranty that it was fit for the particular purpose of being used a cell.

64. The average consumer, including the Plaintiff, would not reasonably anticipate the dangerous and harmful condition of the subject laptop, including the lithium ion battery within the subject laptop, or the injuries caused by reasonable and foreseeable use.

65. Members of the consuming public, including the Plaintiff, were the intended third-party beneficiaries of the warranty.

66. Defendant or should have known of the dangerous propensities of the subject laptop, including the lithium ion battery within the subject laptop, at the time it was sold, including the high degree of risk of the subject laptop to overheat, catch fire and suddenly and unexpectedly burst into flames or explode, as it did in this case.

67. The subject battery was not safe or fit for the particular purpose in which it was intended to be used for.

68. Defendant' breach of implied warranty of fitness for a particular use was the proximate cause of, directly resulted in, and/or substantially contributed to the injuries sustained by the Plaintiff and their resulting damages, for which the HP Defendant are liable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against the Defendant for damages, including punitive damages if applicable, to which he is entitled by law, as well as all costs of this action, interest and attorneys' fees, to the full extent of the law, whether arising under the common law and/or statutory law, including:

a. judgment for Plaintiff and against Defendant;

b. damages to compensate Plaintiff for his injuries, economic losses and pain and suffering sustained as a result of the use of the Defendant' laptop;

c. pre and post judgment interest at the lawful rate;

d. a trial by jury on all issues of the case;

e. an award of attorneys' fees; and

f. for any other relief as this Court may deem equitable and just, or that may be available under the law of another forum to the extent the law of another forum is applied, including but not limited to all reliefs prayed for in this Complaint and in the foregoing Prayer for Relief.

                                        Respectfully submitted**,**

                                        **PHIPPS, ORTIZ, TALAFUSE PLLC**

Dated: September 13, 2021          /s/ *Martin J. Phipps*
                                                MARTIN J. PHIPPS
                                                State Bar No. 00791444
                                                102 9th Street
                                                San Antonio, Texas 78215
                                                Telephone: (210) 340-9877
                                                Facsimile: (210) 340-9899

                                                *In association with:*

                                                **JOHNSON BECKER, PLLC**

                                                Adam J. Kress, Esq.  (#0397289)
                                                *Pro Hac Vice to be filed*
                                                444 Cedar Street, Suite 1800
                                                (612) 436-1800 / (612) 436-1801 (fax)
                                                akress@johnsonbecker.com

                                                ***Attorneys for Plaintiff***